UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARLENE SIERS,<br><br>Defendant. | 3:19-CR-30004-RAL<br><br><br>ORDER DENYING MOTION FOR HARDSHIP CREDIT FOR HARD TIME SERVED |

On June 4, 2021, Defendant Arlene Siers filed a pro se Motion for Hardship Credit for Hard Time Served. Siers is housed in a federal detention facility in Aliceville, Alabama ("FCI Aliceville). Doc. 45 at 3. Since March 30, 2020, Siers alleges that the detention facility went into "lockdown" due to COVID-19. Doc. 45 at 6. She requests two days credit for every day served since "lockdown" was imposed, arguing that lockdown conditions have violated her Fifth, Eighth, and Fourteenth Amendment rights. Doc. 45 at 2, 6. Siers argues the following lockdown conditions warrant that this Court approve her request for sentencing credit:

(1) FCI Aliceville is a "communal segregation prison" that limits the liberty interest of inmates.

(2) Inmates only have access to recreational activities for a one-hour intervals, three times a week.

(3) Dietary standards at FCI Aliceville are below federal prison standards, "meals" can be "gruel," and inmates must drink from "discolored and brown water" from sinks in their cells.

(4) "At times," inmates may be confined to their cells more than 22 hours a day.

1

(5) The conditions of confinement imposed on prisoners in general segregation due to Covid-19 creates a disproportionate punishment.

(6) Personal hygiene has suffered due to confinement conditions, and inmates have not been able to cut their own hair.

(7) Access to medical care is "scarce," and "it can takes months to see medical staff, including dental, medical, and mental health doctors." Further, the conditions of lockdown create serious mental health issues for "inmates dealing with depression and anxiety."

Doc. 45 at 4–5.

The Bureau of Prisons (BOP), not the courts, provides credit for time served under § 3585(b). United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Harris, 318 F. App'x 444, 446 (8th Cir. 2009); United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). "A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.'" Pardue, 363 F.3d at 699 (quoting United States v. Wilson, 503 U.S. 329, 333(1992)). Once a petitioner has exhausted administrative remedies concerning computation of their credits for time served with the BOP, she may file a habeas petition under 28 U.S.C. § 2241 seeking relief from a federal court. Tindall, 455 F.3d at 888; Wilson, 503 U.S. at 335. Further, "a prisoner must file a motion concerning administration or calculation of sentences in either the district of confinement or the regional BOP office." United States v. Frosch, 496 F. Supp. 2d 1018, 1020 (S.D. Iowa 2007); see also Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

Siers has not alleged or shown that she has exhausted administrative remedies, and so her claim is not ripe for this Court's consideration. Further, challenges concerning sentencing credit and the constitutionality of the conditions of her confinement should be brought in the district where Siers in incarcerated. 28 U.S.C. § 2241(a).

2

For these reasons, it is

ORDERED that Siers's Motion for Hardship Credit for Hard Time Served, Doc. 45, is denied.

DATED this 24th day of September, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE